[No. 5935. Decided January 15, 1906.]

ROSE HARRIS, *Respondent,* v. THE TOWN OF MT. VERNON, *Appellant.*[1]

MUNICIPAL CORPORATIONS — NEGLIGENCE — DEFECTIVE SIDEWALK — NOTICE—EVIDENCE—SUFFICIENCY. A finding of negligence on the part of a city as to a sidewalk, is sustained where there was evidence to the effect that the walk had long been out of repair, that the particular defect had existed more than a month, and had been called to the attention of the city officers and council prior to the accident.

SAME—EVIDENCE—CONDITION IN VICINITY—ADMISSIBILITY. In an action for injuries sustained through a defect in a sidewalk it is competent to prove the general condition of the walk for a reasonable distance on each side of the defect in question.

SAME—INSTRUCTIONS—GENERAL CONDITION IN VICINITY OF ACCIDENT. In an action for injuries sustained through a defect in a walk, it is proper to instruct that the jury may consider the general condition of the sidewalk in the immediate vicinity.

DAMAGES—FOR . PERSONAL INJURIES—CAUSE OF PHYSICAL CONDITION—EVIDENCE—QUESTION FOR JURY. A verdict for $2,500 damages for a fall upon a sidewalk is not shown to be excessive where there was an issue as to whether the accident resulted in curvature of the spine, or whether that was caused by plaintiff's physical condition; and the question is for the jury, where the only expert testified that it could have been caused by the accident, and there was testimony to the effect that prior thereto the plaintiff was a strong healthy woman with no symptoms of any ailments that developed immediately thereafter.

Appeal from a judgment of the superior court for Skagit county, Joiner, J., entered May 8, 1905, upon the verdict of a jury rendered in favor of the plaintiff, for personal injuries sustained through a fall on a defective sidewalk. Affirmed.

*Dave Hammack (Million & Houser* and *Shrauger & Barker,* of counsel), for appellant.

*McLean & Wakefield,* for respondent.

FULLERTON, J. — The respondent recovered a judgment against the appellant town in the sum of $2,500, for injuries

[1]Reported in 83 Pac. 1023.

received from a fall caused by a defective sidewalk constructed and maintained by the town on one of its streets. The town has appealed from the judgment, and as grounds for reversal assigns that the court erred, first, in refusing to grant the appellant's motion to take the case from the jury and enter judgment for the appellant, made at the close of the respondent's case in chief; second, in refusing to hold that the evidence was insufficient to justify the verdict; third, in the admission of certain evidence; fourth, in its instructions to the jury; and fifth, in refusing to hold that the verdict was excessive, and given under the influence of passion and prejudice.

The first two assignments suggest the same question, namely, the sufficiency of the evidence to justify the verdict. On this branch of the case it is argued that the evidence showed that the sidewalk at the place of the accident, and generally in its vicintiy, was in reasonably good repair, and that the city had no notice, either actual or constructive, of the particular defect that caused the accident. The evidence on the part of the city, it is true, tended to this effect, and the jury doubtless would have been warranted in so finding. But there was substantial evidence the other way. It was testified by competent and disinterested witnesses, living within the vicinity of the walk, that the walk had long been out of repair—so much so, in fact, that one walking over it had to use more than ordinary care to avoid injury; and that the particular board that caused this injury was warped and loose, so that it would rock when stepped upon, and that it had been in that condition for more than a month prior to the accident. It was testified, also, that the attention of certain officers of the city had been called to the defective condition of the walk, and that it had been the subject of consideration by the city council prior to the accident. This, if believed by the jury, abundantly justifies their verdict. True, much or all of it was denied by the city, but the right to de-

termine on which side the truth lay was with the jury, and this court is bound by their finding thereon. We conclude, therefore, that the verdict is sustained by the evidence, and the trial court did not err in so holding.

The third objection is based on the contention that the court admitted evidence as to the condition of the walk at points too remote from the scene of the accident. At the place in the record pointed out by the appellant, in support of this contention, the following appears in the examination of a Mr. Sterns, a witness for the respondent:

"Q. How long have you lived there? [Meaning in the town of Mt. Vernon.] A. Three years the 16th of last July. Q. You know of the circumstances of Miss Harris getting hurt on that sidewalk last summer? A. Yes, sir. Q. You travel that sidewalk frequently, do you? A. Yes, sir. Q. I would ask you to state what was the general condition of that sidewalk at the time and prior to the time of this injury. Mr. Million: Defendant objects as incompetent, irrelevant, and immaterial. The Court: Objection overruled. Exception allowed. A. It was very bad. Q. Where was it bad; from what points? A. From the bottom to the top of the hill. Q. In what particulars was it bad? A. The stringers were loose; they were rotten and the blocking under them had rotted away and the boards were loose. Q. What about holes in the walk? A. There were several of them."

There was no error in this. It was permissible to show the condition of the walk for a reasonable distance on each side of the place of the injury, and as the quotation from the record shows all that appears as to the length of the walk, it is impossible to say that this rule was violated. Moreover, the next question and answer, to which there was no objection, shows the points between which the witness found the sidewalk bad. If, therefore, the first question could be said to be too broad, it was sufficiently narrowed by this explanation.

The instruction complained of was to the effect that evidence of the general condition of the sidewalk in the immedi-

ate vicinity of the place of the injury was proper to be considered by the jury along with the other evidence in the case in determining the question whether or not the sidewalk was out of repair at the place of the injury. This we do not think was prejudicial. While it may be that evidence showing a walk to be out of repair at one place is not direct proof that it was out of repair at another, yet evidence of its general condition in the vicinity of the accident is some evidence of its condition at the place where the accident happened.

The objection to the amount of the verdict is based on the contention that the physical condition of the respondent had its origin in other causes than the injury, rather than the contention that her physical condition did not justify the verdict. At the time of the trial, the respondent had developed a marked case of curvature of the spine, and it was the opinion of the only medical expert who testified that, while this condition could have been caused by the accident, it was not probable that it was so caused. On the other hand, it was shown by the testimony of the respondent and her immediate family that, prior to the injury, the respondent was a strong healthy woman, showing no symptoms of any of the ailments that developed immediately afterwards, while since that time she had been an invalid, incapable of pursuing her ordinary occupation, and that her condition was not improving. Under these circumstances, we think it was for the jury to say whether the injury was the cause of the respondent's condition, and inasmuch as they found that it was, we do not think their verdict excessive.

The judgment is affirmed.

MOUNT, C. J., ROOT, CROW, DUNBAR, HADLEY, and RUDKIN, JJ., concur.